# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANIE NICOLE MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>(1) JERRY WAYNE JACKSON,<br>(2) SOKO TRANSORT, LLC,<br>(3) SPOTTED LAKES, LLC, d/b/a D&T TRUCKING and 1845 OIL FIELD SERVICES, and<br>(4) HALLMARK SPECIALTY INSURANCE COMPANY,<br><br>    Defendants. | Case No. CIV-15-500-RAW |

## **ORDER & OPINION**[1]

Plaintiff filed her Petition on May 11, 2015 in the District Court of Atoka County, Oklahoma, bringing claims of negligence arising from an automobile accident allegedly involving Plaintiff and Defendant Jerry Jackson who was driving a motor carrier truck for SOKO Transport and Spotted Lakes. Spotted Lakes was insured by Hallmark at the time of the accident. On December 28, 2015, Defendants timely[2] removed the action to this court based on diversity jurisdiction, arguing that Defendant Hallmark was fraudulently joined in an attempt to defeat diversity jurisdiction. Now before the court is Plaintiff's motion to remand [Docket No. 7].

---

[1] For clarity and consistency herein, when the court cites to the record, it uses the pagination assigned by CM/ECF.

[2] Initially, Plaintiff argued the removal was untimely, but she concedes in her reply to the response to the motion to remand that it was timely. Docket No. 24, p. 11.

*Removal and Fraudulent Joinder*

When a civil action is brought in a state court "of which the district courts of the United States have original jurisdiction," the defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Removing defendants bear the burden of establishing jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

Defendants removed this action based on diversity jurisdiction, 28 U.S.C. § 1332(a), arguing that although Hallmark is not diverse, it was fraudulently joined to defeat diversity jurisdiction. "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (citation and internal brackets omitted). Defendants argue that Plaintiff has no cognizable direct cause of action against Hallmark.

A defendant asserting fraudulent joinder carries a heavy burden of proof. Montano v. Allstate Indem., 211 F.3d 1278 (10th Cir. 2000)(unpublished). District courts are to resolve disputed questions of fact and ambiguities in the controlling law in the plaintiff's favor and then determine whether the plaintiff "has any possibility of recovery against the party whose joinder is questioned." Id. "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." Id.

In cases where a defendant alleges fraudulent joinder, the Tenth Circuit has directed district courts to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Nerad v. AstraZeneca Pharmaceuticals, Inc., 203 Fed.Appx. 911, 913 (10th Cir. 2006) (citing Dodd v. Fawcett Publ'ns, Inc. 329 F.2d 82, 85 (10th Cir. 1964)). "In doing so, the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Id. "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id.

While the court is to pierce the pleadings, the court is not to "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967); Dodd, 329 F.2d at 85. Furthermore, the Tenth Circuit is in agreement with the Third Circuit that "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." Brazell v. Waite, No. 12-4047, 2013 WL 2398893, at *3 (10th Cir. June 4, 2013)(citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 853 (3d Cir. 1992)).

*Hallmark – Proper Party*

In the Petition, Plaintiff states that Hallmark is a proper party defendant in this action pursuant to 47 OKLA. STAT. § 230.30. Defendants argue that Hallmark is not a proper party under 47 OKLA. STAT. § 230.30 because its insured, the motor carrier Spotted Lakes, is not

3

based in Oklahoma but rather in Texas and is licensed under the Unified Carrier Registration Act, 49 U.S.C. § 14504a.

Section 230.30 has consistently been interpreted as creating a direct cause of action against the insurer of a motor carrier in some instances. See Blanke v. Alexander, 152 F.3d 1224 (10th Cir. 1998); Daigle v. Hamilton, 782 P.2d 1379, 1380-81 (Okla. 1989) (interpreting 47 OKLA. STAT. § 169, which was recodified in and mirrored the language of § 230.30). To bring a direct cause of action against an insurer of a motor carrier, a plaintiff must plead, *inter alia*, that the motor carrier was required to be and was in fact insured pursuant to section 230.30. Mize v. Liberty Mut. Ins. Co., 393 F.Supp.2d 1223 (W.D. Okla. 2005). That is, the motor carrier must be licensed with the Oklahoma Corporation Commission ("OCC").

This court agrees with the Northern District of Oklahoma that 49 U.S.C. § 14504a "does not purport to impose any limitation on the ability of a state to determine whether a plaintiff should be able to seek direct liability against an insurer of motor carriers as a matter of state law." Berry v. Transportation Distrib. Co., No. 12-CV-488-JED-FHM, 2013 WL 5966130, *2 (N.D. Okla. Nov. 8, 2013). In Sallee v. L.B. White Trucking, Inc., No. 11-CV-212-TCK-PJC, 2012 WL 314237 (N.D. Okla. Feb. 1, 2012), that court found a motor carrier's insurer subject to direct action pursuant to § 230.30 when the motor carrier was licensed with the OCC even though the motor carrier was incorporated and had its principal place of business in another state.[3]

---

[3] The court recognizes that courts are not entirely in agreement on this issue. See e.g. Adrean v. Lopez, No. 10-CV-0670-CVE-FHM, 2008 WL 3880930, at *2 (N.D. Okla. Sept. 2, 2011) (stating that the "licensing and insurance requirements of § 230.30 apply only to carriers whose principal place of business is in Oklahoma."). Nevertheless, most of the cases finding that a direct action against the motor carrier's insurer could not lie involved either a motor carrier that was not in fact licensed with the OCC or a plaintiff who had failed to plead or prove such. For example, in Hubbard v. Liberty Mut. Fire Ins. Co., No. CIV-06-356-S, 2007 WL 1299270, at *8

Defendants argue that Spotted Lakes is not licensed with the OCC. Defendants, however, do not provide any evidence, not even an affidavit. Plaintiff argues that Spotted Lakes is licensed with the OCC, offering an OCC motor carrier list that includes Spotted Lakes and stating that Plaintiff's counsel directly contacted the OCC and was informed Spotted Lakes is currently licensed in Oklahoma as an interstate/intrastate motor carrier. As noted above, Defendants have the burden of establishing fraudulent joinder. Defendants have failed to meet that burden to show that Plaintiff has no possibility of recovery against Hallmark.

*Conclusion*

As the parties are not completely diverse and Defendants have not met their burden of establishing fraudulent joinder, this court lacks jurisdiction. This action, therefore, is hereby remanded to the District Court of Atoka County, Oklahoma.

**IT IS SO ORDERED** this 14th day of April, 2016.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**

---

(May 1, 2007 E.D. Okla.), the plaintiff argued that by its actions in Missouri, the motor carrier defendant effectively obtained an Oklahoma license. The court, of course, found that argument unpersuasive. See also Green v. ACE American Ins. Co., No. CIV-07-1377-HE, 2008 WL 4372871, at *2-3 (W.D. Okla. Sept. 19, 2008) (listing decisions finding that actual registration with the OCC by the motor carrier is a prerequisite to a direction action against its insurer under § 230.30 and dismissing the action because the plaintiff had not alleged the defendant motor carrier was registered with the OCC). Oklahoma courts have also decided the issue differently. See Fierro v. Lincoln Gen. Ins. Co., 217 P.3d 158 (Okla. Civ. App. 2009) and Alfalfa Elec. Coop., Inc. v. Mid-Continent Cas. Co., 350 P.3d 1276 (Okla. Civ. App. 2014).